UNITED STATES v. STONE et al.

(Circuit Court of Appeals, Second Circuit. February 9, 1900.)

No. 85.

CUSTOMS DUTIES—CLASSIFICATION—PARCHMENT PAPER.

Paper made from wood pulp subjected to the single process of immersion in an alkaline solution, while sometimes included, in commercial language, in the general class of parchment paper, is usually designated commercially as "imitation parchment," "parchment No. 2," or "grease-proof wrapping paper," and is not dutiable as parchment paper, under paragraph 308 of the tariff act of 1894.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an appeal to the circuit court by Stone and others, importers, from a decision of the board of general appraisers affirming a classification for duty by the collector of certain imported merchandise. On such appeal the following opinion was delivered by TOWNSEND, District Judge:

Ordinary unsized paper, produced from rags, and treated with sulphuric acid, after being subjected to two separate processes presents the appearance of parchment, is in fact parchment paper, and is commercially known either as "parchment paper," "parchment No. 1," or "vegetable parchment." Paper made from wood pulp, subjected to only the single process of immersion in an alkaline solution, is commercially known either as "imitation parchment paper," "parchment No. 2," or "grease-proof wrapping paper," and is sometimes included, in commercial language, in the general class of parchment papers. The article in question belongs to this second class. It was classified for duty under paragraph 308, Schedule M, of the act of 1894, at 30 per cent., as parchment paper. The importers protested, claiming that it was dutiable under paragraph 313 or under paragraph 310 of said act, as paper, or manufactures of paper not specifically provided for. It is agreed that the single question in the case is whether this imitation paper has acquired the commercial designation of "parchment paper." The utmost that can be claimed from the testimony is that it may be so included in a general class of parchment paper, but even this claim is doubtful. The great preponderance of the most trustworthy evidence shows that the commercial designation of said imitation parchment is not "parchment paper." The decision of the board of general appraisers is therefore reversed.

Harry P. Disbecker, for the United States.

Albert Comstock, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. Affirmed on opinion below.